# In the United States District Court
# for the Southern District of Georgia
# Brunswick Division

| | |
|---|---|
| GILBERT NELSON WEISE, JR., <br><br> Movant, <br><br> v. <br><br> UNITED STATES OF AMERICA, <br><br> Respondent. | 2:22-cv-106 <br> (2:19-cr-050) |

### ORDER

The Magistrate Judge issued a Report and Recommendation for the Court to grant Respondent's Motion to Dismiss and deny in part and deny as withdrawn in part Movant Gilbert Weise's ("Weise") 28 U.S.C. § 2255 Motion to Vacate, Set Aside, or Correct his Sentence. Dkt. No. 19. Weise, through counsel, has filed timely Objections to this Report and Recommendation. Dkt. No. 21.

In reviewing a report and recommendation, the district judge "shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1); see also Fed. R. Civ. P. 72(b)(3). "Parties filing objections to a magistrate's report and recommendation must specifically identify those findings objected to." Marsden v. Moore, 847 F.2d 1536, 1548 (11th Cir. 1988) (affirming the district court's denial of postconviction

relief). "Frivolous, conclusive, or general objections need not be considered by the district court." Id.; Macort v. Prem, Inc., 208 F. App'x 781, 784 (11th Cir. 2006) ("It is critical that the objection be sufficiently specific and not a general objection to the report."). For the reasons set forth below, and after an independent and de novo review, the Court **OVERRULES** Weise's Objections and **ADOPTS** the Magistrate Judge's Report and Recommendation as supplemented herein.

## DISCUSSION

Weise brings his § 2255 motion on the basis that:

> Weise['s] counsel was constitutionally ineffective in failing to advise Weise of the change in the law resulting from the decision of the United States Supreme Court in Xiulu Ruan v. United States, [597 U.S. 450 (2022)] a decision which issued after Weise's guilty plea but before sentencing, and which change went directly to Weise's intended defense to the charge, and had Weise's counsel advised him of this fundamental change in the law, Weise would have moved to withdraw his guilty plea and asserted his right to trial, and had he done so, the Court would have been required to permit Weise to withdraw his guilty plea.

Dkt. No. 4 at 14. To establish a claim for ineffective assistance of counsel, Weise must meet two prongs set forth in Strickland v. Washington. 466 U.S. 668, 687 (1984). First, Weise must demonstrate his counsel's performance was deficient; this requires that Weise "show that counsel's representation fell below an objective standard of reasonableness." Id. at 688. Second, Weise "must show that the deficient performance prejudiced the defense." Id. at

2

687. This second prong requires a showing that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Id. at 694. "A reasonable probability is a probability sufficient to undermine confidence in the outcome." Id. The defendant seeking postconviction relief carries the burden on both Strickland prongs. Osley v. United States, 751 F.3d 1214, 1222 (11th Cir. 2014); Lawhorn v. Allen, 519 F.3d 1272, 1293 (11th Cir. 2008).

I. **First Strickland Prong: Deficient Performance**

Under the first prong, the Court evaluates "reasonableness under prevailing professional norms." Strickland, 466 U.S. at 689. "Judicial scrutiny of counsel's performance must be highly deferential." Id. Accordingly, "counsel is strongly presumed to have rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment." Id. at 690. "A fair assessment of attorney performance requires that every effort be made to eliminate the distorting effects of hindsight, to reconstruct the circumstances of counsel's challenged conduct, and to evaluate the conduct from counsel's perspective at the time." Id. at 689. "Because of the difficulties inherent in making the evaluation, a court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." Id.

The analysis of the first Strickland prong does not change in the context of a guilty plea. Hill v. Lockhart, 474 U.S. 52, 58 (1985); Lafler v. Cooper, 566 U.S. 156, 162 (2012). Weise must "show his plea was not voluntary because he received advice from counsel that was not within the range of competence demanded of attorneys in criminal cases." Scott v. United States, 325 F. App'x 822, 824 (11th Cir. 2009) (citing Hill, 474 U.S. at 56).

The Court now considers whether Weise has sufficiently shown that his counsel's performance fell below the range of reasonable competence by failing to advise Weise of the change in the law resulting from the U.S. Supreme Court's decision in Ruan.

**A. Weise's Presence at the Pretrial Conference**

First, the Report and Recommendation concluded that Weise was aware of a potential change in the law because his counsel requested a jury charge concerning the pendency of Ruan. Dkt. No. 19 at 9. Importantly, the Report and Recommendation relied on the fact that "Weise was present at the pretrial conference, where the Assistant United States Attorney ('AUSA') noted the Supreme Court was 'hearing a case that does interpret the scienter in pill mill cases,'" and more generally, the fact that the requested jury charge was discussed at the pretrial conference. Id. Weise now objects and represents to the Court that "Weise was not present at this final pretrial conference and there is no evidence Weise had

4

any knowledge of the proposed jury instruction." Dkt. No. 21 at 6.[1]

The Court finds that any assertion of Weise's absence disingenuous at best and wholly unsupported by the record for several reasons. First, this Court ordered Weise's presence at the pretrial conference. Crim. Case, Dkt. No. 223 at 5 ("At the pretrial conference, the Court will conduct a meaningful and substantive discussion regarding the trial of this case. Thus, the Defendant and any attorney participating in the trial of the case shall be present at the pretrial conference."). The conditions of Weise's release on bond included that Weise "must appear in court as required." Crim. Case, Dkt. No. 39 at 1. Weise's release was not revoked due to his allege absence at a required court appearance, Weise was not held in contempt of court, and Weise's bond was not forfeited.[2] The United States Marshals Service has no record of Weise's alleged absence or any instruction by the Court to act on Weise's bond violation. Similarly, this Court has no

---

[1] The Government noted that <u>Ruan</u> was discussed at the pretrial conference in its motion to dismiss Weise's § 2255 motion. Dkt. No. 11 at 2. However, Weise did not raise his alleged absence from the pretrial conference in his opposition brief. <u>See</u> Dkt. No. 14. That is understandable. Indeed, Weise's newest attorney did not argue his alleged non-attendance at the pretrial conference until he filed Objections to the Report & Recommendation. Dkt. No. 21.
[2] "Violating any of the foregoing conditions of release may result in the immediate issuance of a warrant for your arrest, a revocation of your release, an order of detention, a forfeiture of any bond, and a prosecution for contempt of court and could result in imprisonment, a fine, or both." Crim. Case, Dkt. No. 39 at 3.

5

recollection of any absence from the pretrial conference or other bond violation perpetrated by Weise. Second, this Court rescheduled the pretrial conference at Weise's request and to ensure Weise's participation after a death in his family. Crim. Case, Dkt. Nos. 246, 249. Third, the Court did not grant any motion for Weise not to appear or to appear remotely, nor did the Court make a note of his absence on the record. See Crim. Case, Dkt. Nos. 303. Thus, the record belies any new argument that Weise was not present at his pretrial conference.

The newly minted absence argument would require the Court to ignore everything that would occur—but, in fact, did not occur—if Weise missed the hearing. The Court refuses to do so. Weise's basic and mandated participation in his case alerted him to the potentially favorable Ruan decision. Thus, this Objection is overruled.

**B. Weise's Counsel's "Admission by Silence"**

Next, Weise objects to the Magistrate Judge's finding that Weise has not satisfied Strickland's deficient performance prong because, according to Weise, his trial attorney's failure to prepare an affidavit stating that he discussed Ruan with Weise constitutes "admission by silence." Dkt. No. 21 at 2. In other words, Weise argues the Government's apparent inability to present an affidavit from Weise's trial counsel to refute Weise's contention implies that counsel and Weise did not discuss Ruan.

6

Id. (citing Fed. R. Evid. 801(d)(2)(B) Adv. Comm. Notes). In addition, Weise contends the Government failed to provide an affidavit from his civil attorney, who allegedly first informed Weise of the Ruan decision after his plea and sentencing. Id. at 3. Weise argues, "If this were in doubt, the Government could have sought an affidavit from [his civil attorney] disputing this claim." Id.

This objection is unavailing; the lack of affidavits from Weise's previous attorneys is immaterial. First, Weise—not the Government—carries the burden to prove the Strickland prongs. Lawhorn, 519 F.3d at 1293. Weise does not identify any authority to support a finding of deficient performance where trial counsel does not provide the Government with an affidavit. See generally Dkt. No. 21. Second, the Magistrate Judge's analysis and conclusions are based on the existing record. For one, the Government represented to the Court that "Defense counsel Hicks denies Weise's allegations of ineffectiveness." Dkt. No. 11 at 11 n.2. For another, the record contains ample evidence that Weise was aware of the pendency of Ruan at the time he entered his plea and certainly before he was sentenced. See Dkt. No. 19 at 8-10 (citing Crim. Case, Dkt. Nos. 249, 253, 265, 263, 267, 268, 303).

Third, Weise's claim that the absence of an affidavit from Weise's previous attorneys should be construed as an "admission by silence" is meritless. Weise relies on Federal Rule of Evidence

801(d), which defines certain out-of-court statements as non-hearsay. Weise's arguments are difficult to follow because they so broadly miss the mark.

Rule 801(d)(2)(B) explains that a "statement [which] is. . . offered against an opposing party and . . . is one the party manifested that it adopted or believed to be true" does not constitute hearsay. The advisory committee notes to the subsection state that, "[u]nder established principles[,] an admission may be made by adopting or acquiescing in the statement of another." Fed. R. Evid. 801(d)(2)(B) Adv. Comm. Notes. So, Weise's "theory is that [his trial attorney] would, under the circumstances, protest [Weise's] statement" that the attorney did not discuss Ruan with him "if untrue." Id. Weise offers the trial attorney's out-of-court "statement" (actually, the lack of one) for the truth of the matter asserted, that is, that the trial attorney did not discuss Ruan with him. The alleged silent statement is therefore hearsay unless it is excluded as hearsay by Federal Rule of Evidence 801 or a hearsay exception applies pursuant to Federal Rule of Evidence 803.

Weise argues that Rule 801(d)(2)(B) qualifies the statement as non-hearsay, but he is incorrect. Dkt. No. 21 at 2. Rule 801(d)(2)(B) applies to statements "offered against an *opposing party*" which that "*party* manifested that it adopted or believed to be true." Fed. R. Evid. 801(d)(2)(B) (emphasis added). Here, Weise

8

and his trial counsel are not opposing parties within the meaning of this Rule. Metro. Life Ins. Co. v. Jackson, No. 1:16-cv-411, 2018 WL 2452183, at *9 (S.D. Ala. May 31, 2018) ("An opposing party is 'an adversary in a legal proceeding.'" (quoting Party Opponent, Black's Law Dictionary (10th ed. 2014))); see also E.E.O.C. v. Rent-A-Center East, Inc., 303 F. Supp. 3d 739, 743 (C.D. Ill. Mar. 28, 2018) (Individuals who "are not parties to the litigation . . . cannot therefore be an 'opposing party' within the Rules of Evidence."). In other words, the declarant—Weise's trial counsel—is not the party against which this silent statement is offered. There is no indication that the opposing party, the Government, has adopted or acquiesced in Weise's counsel's alleged silence. See Fed. R. Evid. 801(d)(2)(B) Adv. Comm. Notes. Quite the opposite. See Dkt. No. 11 at 11 n.2 ("Defense counsel Hicks denies Weise's allegations of ineffectiveness."). This Objection is overruled.

Therefore, Weise's claim fails at the first Strickland prong. The "court need not address both prongs if the defendant has made an insufficient showing on one." Osley, 751 F.3d at 1222. Assuming, however, that Weise could satisfy the performance prong, the Court takes up the Objections related to the Magistrate Judge's prejudice analysis and overrules them.

9

## II. Second Strickland Prong: Prejudice

To satisfy Strickland's prejudice prong in the plea context, "a defendant must show the outcome of the plea process would have been different with competent advice." Lafler, 566 U.S. at 163. "In other words, in order to satisfy the 'prejudice' requirement, the defendant must show that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." Hill, 474 U.S. at 59. The U.S. Supreme Court has stated that the defendant "must convince the court that a decision to reject the plea bargain would have been rational under the circumstances." Padilla v. Kentucky, 559 U.S. 356, 372 (2010); Lee v. United States, 582 U.S. 357, 371 (2017).

The Supreme Court's decision in Ruan came down on June 27, 2022—after Weise's guilty plea but before sentencing. 597 U.S. 450 (2022). In Ruan, the Supreme Court interpreted the Controlled Substances Act, which reads:

> Except as authorized by this title, it shall be unlawful for any person knowingly or intentionally . . . to manufacture, distribute, or dispense, or possess with intent to manufacture, distribute, or dispense, a controlled substance.

21 U.S.C. § 841(a)(1). The Supreme Court held that the "knowingly or intentionally" mens rea requirement of § 841(a)(1) applies to the "as authorized" clause of the provision, meaning that "the Government must prove beyond a reasonable doubt that the defendant

10

knew that he or she was acting in an unauthorized manner, or intended to do so." 597 U.S. at 454. Weise argues that had his counsel advised him of this change in the law, Weise would have moved to withdraw his guilty plea and asserted his right to trial, and had he done so, the Court would have been required to permit Weise to withdraw his guilty plea. Dkt. No. 4 at 13.

Weise argues the Magistrate Judge erred in concluding that statements Weise made during his change of plea hearing could be used against him at trial. Dkt. No. 21 at 4. Weise argues that Federal Rule of Evidence 410 prohibits the use of statements made during a plea hearing at trial. Weise acknowledges his plea agreement contained a Rule 410 waiver, but he argues the waiver would have been unenforceable under United States v. Bushert, 997 F.2d 1343 (11th Cir. 1993). Id. at 5.

Rule 410 generally prohibits the use of statements made during a guilty plea proceeding under Federal Rule of Criminal Procedure 11 against a defendant. Fed. R. Evid. 410(a). However, Weise waived the protections of Rule 410 and did so knowingly and voluntarily. Crim. Case, Dkt. No. 284 at 17–18, 21–22. "[A]bsent some affirmative indication that the agreement was entered into unknowingly or involuntarily, an agreement to waive" Rule 410's protections "is valid and enforceable." United States v. Mezzanatto, 513 U.S. 196, 210 (1995); see also United States v. Artis, 261 F. App'x 176, 178 (11th Cir. 2008) ("[A] defendant may

11

waive the rights he is accorded pursuant to Federal Rule of Evidence 410.").

### A. Weise's Reliance on **Bushert**

Weise's reliance on Bushert is unavailing. Bushert involved a district court's deficient coverage of appeal waivers with a defendant at his change of plea hearing. 997 F.2d at 1352-53 (holding that "[w]ithout a manifestly clear indication in the record that the defendant otherwise understood the full significance of the sentence appeal waiver, a lack of sufficient inquiry by the district court during the Rule 11 hearing will be error"). Indeed, pursuant to Rule 11, the Court must inform the defendant of—and determine that he understands—fifteen categories of information. Fed. R. Crim. P. 11(b)(1)(A-O). Those categories include the terms of appeal waiver. Fed. R. Crim. P. 11(b)(1)(N). Here, the Court painstakingly reviewed the appellate waivers with Weise:

> THE COURT: I do want to emphasize one point that [the AUSA] made and that is contained in the plea agreement that you're proposing is a waiver of certain appeal rights. It states, "Defendant entirely waives his right to a direct appeal of his conviction and sentence on any ground." There are, however, three exceptions to that waiver. That means if but only if one of these three things were to occur would you get an appeal right pursuant to this agreement: Number 1, if I sentence you above that statutory maximum, you could appeal that directly; Number 2, if I sentence you above the advisory guideline range as found by me, you could appeal that directly; or Number 3, if the Government were to file a direct appeal, you could file one as well. Otherwise, by

12

> virtue of this plea agreement you waive all other direct appeal rights; understand?
>
> THE DEFENDANT: Yes, I do, Your Honor.
> []
> THE COURT: There's also contained in the agreement a waiver of collateral attack rights. It states, "Defendant entirely waives his right to collaterally attack his conviction and sentence on any ground and by any method including but not limited to a 28 U.S.C. Section 2255 motion." The only exception to that waiver is you retain the right to collaterally attack your conviction and sentence based on a claim of ineffective assistance of counsel; understand?
>
> THE DEFENDANT: Yes, Your Honor.
>
> THE COURT: Any questions about that waiver?
>
> THE DEFENDANT: No, I have no questions.

Crim. Case, Dkt. No. 284 at 21:20-22:25. Therefore, Weise's reliance on Bushert is inapt.

### B. Weise's 410 Waiver

In any event, the record is clear that Weise knew of the Rule 410 waiver before his plea of guilty. Under questioning from the Court, Weise testified under oath that he had "gone over" the plea agreement. Crim. Case, Dkt. No. 284 at 11:22-24. In response to additional questions from the Court, he also testified that he discussed the plea agreement with his attorney. Id. As a triple check, the AUSA called out the Rule 410 waiver explicitly:

> [T]he defendant waives the protections of Rule 11(f) of the Federal Rules of Criminal Procedure and Rule 410 of the Federal Rules of Evidence, meaning if he fails to plead guilty or later withdraws his guilty plea, all statements made by him in connection with that plea as

13

>  well as any leads derived therefrom shall be admissible for any and all purposes.

Id. at 18:6-11. And the Court twice confirmed that the AUSA's summary was consistent with the plea agreement that Weise signed. Id. at 18:16-19, 21:9-22:14. Weise does not argue, nor could he honestly, that the Rule 410 waiver is one of the fifteen items that the Court—as opposed to the AUSA—must read to him in the change of plea. See Fed. R. Crim. P. 11(b)(1)(A-O). It obviously is not. Thus, the record shows that the Court ensured that Weise knowingly and voluntarily entered into the plea agreement, including the Rule 410 waiver contained in that agreement. As a result, Weise fails to show the Rule 410 waiver is unenforceable.

Weise advocates for an absurd and legally unsupported result. Weise's theory would allow a defendant to withdraw a knowing and voluntary plea, violate the terms of a plea agreement that contained knowing and voluntary waivers, and then oppose the admission of any of that defendant's prior statements made under oath during Rule 11 proceedings. Under Weise's theory, a criminal defendant could obtain a favorable plea agreement and then back out of the agreement with little to no reason, even after the Court accepted the agreement. Weise's theory, if adopted, would undercut the U.S. Supreme Court's directives regarding the enforceability of plea agreements. Mezzanatto, 513 U.S. at 210 ("[T]he imposition of these difficult choices is an inevitable—and permissible—

14

attribute of any legitimate system which tolerates and encourages the negotiation of pleas." (alterations adopted) (internal quotations marks and citation omitted)). This Objection is overruled.

Weise admitted under oath to: (1) knowing the controlled substance prescriptions were not for a legitimate purpose; and (2) knowing the prescriptions were not in the usual course of professional practice. Crim. Case, Dkt. No. 267. It would be unjust—and legally baseless—to prohibit the admission of Weise's under oath testimony admitting to the mens rea requirement clarified by Ruan, simply because Ruan was decided in the time between the Rule 11 hearing and sentencing. As the Magistrate Judge correctly concluded, nothing in the Ruan decision would have provided a "fair and just reason" for this Court to allow Weise to withdraw his plea. See Fed. R. Crim. P. 11(d)(2)(B). Further, Weise fails to present any evidence that it would have been rational for him to move to withdraw his plea under the circumstances in this case. See Padilla, 559 U.S. at 372. Thus, Weise fails to show any prejudice under Strickland v. Washington, 466 U.S. 668 (1984).

## CONCLUSION

In short, Weise fails to meet his two-pronged burden under Strickland and its progeny. Therefore, after an independent and de novo review, I **OVERRULE** Weise's Objections and **ADOPT** the Magistrate Judge's Report and Recommendation, as supplemented herein, as the

15

opinion of this Court. The Court **GRANTS** Respondent's Motion to Dismiss and **DENIES in part** and **DENIES as withdrawn in part** Weise's § 2255 Motion. I also **DENY** Weise *in forma pauperis* status on appeal and a Certificate of Appealability. The Clerk is **DIRECTED** to close this case.

**SO ORDERED,** this 24th day of March, 2025.

_____
HON. LISA GODBEY WOOD, JUDGE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA